IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00575-GPG

RAY NUNN,

    Applicant,

v.

MICHAEL MILLER, Warden, and
RICK RAEMISCH, Executive Director, Colorado Department of Corrections,

    Respondents.

---

## ORDER TO FILE PRELIMINARY RESPONSE

---

Applicant, Ray Nunn, is in the custody of the Colorado Department of Corrections at the Arkansas Correctional Facility, in Ordway, Colorado. Mr. Nunn has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Mr. Nunn filed a previous civil rights action in Case No. 14-cv-00978-RBJ-CBS. That action was dismissed without prejudice pursuant to the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), because the disciplinary action(s) that Applicant challenged, which had resulted in the loss of good time credits, had not been expunged or vacated. Mr. Nunn now seeks to over-turn the disciplinary action(s) in this habeas proceeding.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondent Warden is directed pursuant to Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).   If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response.   Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.   Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.   Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondent Warden shall file a Preliminary Response that complies with this Order.   It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

Dated:   March 10, 2016

                                      BY THE COURT:

                                      _s/ Gordon P. Gallagher_
                                      United States Magistrate Judge